## McAFEE v. NOONER.

4-3797

Opinion delivered March 25, 1935.

*Buzbee, Harrison, Buzbee & Wright,* for appellants.

*Robert L. Rogers, II,* and *Murphy & Wood,* for appellees.

McHANEY, J. Appellants are road construction contractors, and in February, 1934, were engaged in constructing a portion of State Highway No. 7 in Perry and Garland counties under a contract from the State Highway Department. Appellees brought this action to recover damages from appellants for injuries they received when a wagon in which they were riding over the newly constructed portion of said highway, and while appellants were still engaged in working thereon, was overturned by reason of the fact that the mules hitched to the wagon became frightened at a caterpillar tractor which was approaching appellees from the rear and pulled the

wagon over on the shoulder of the road, causing it to turn over and throw appellees therefrom. Appellees are husband and wife, an elderly couple. They brought separate actions for damages sustained by them, which were consolidated for trial, and resulted in verdicts and judgments in their favor for $2,000 and $1,000, respectively.

Only two questions are presented by this appeal,— that appellants were guilty of no negligence and that appellees themselves were guilty of contributory negligence as a matter of law, and therefore that their request for a directed verdict should have been given on either or both grounds. Appellants correctly state the facts concerning the location of the accident as follows:

"Appellants had a contract to grade and gravel the road on which the accident happened. In the vicinity of the accident there was curve in the old road and appellants were engaged in straightening out the road at the point of this curve. The new road was being cut through a small hill with a steam shovel and the dirt from the cut was being carried by caterpillar tractors, drawing wagons, down the old road, which was itself being built up. The old road, after its curve was completed, came up into the new dump, which was itself upon the old roadbed. There was a little detour right at the end of the curve, placed there to bring the old road into the new dump at an angle so that vehicles could travel it. The old road and the new road where the shovel was located were not far apart. Appellees in their wagon traveled over the old road around the old curve, over the short detour, and came up onto the new dump, and it was on the new dump that the accident happened. The caterpillar tractors at that time were hauling dirt from the shovel, which was back of the new road in the direction from which appellees had approached, to a point beyond where the detour came up onto the new dump and were there dumping the dirt."

The testimony shows that Mr. Nooner drove his team around the curve in the old road and came upon the new road at a point about a hundred yards south of the shovel. As they drove upon the new road, they noticed a caterpillar tractor pulling a dump wagon loaded with

dirt coming from the shovel. He thought the dirt would be dumped between the shovel and where he entered upon the new road or new construction, else he would have stopped his team before getting on the dump. In other words, if he had known the driver of the tractor was going to try to pass him while he was on the dump, he would have stopped and let it by. The dump was only a short space, only about a hundred and ninety yards. Acting upon this assumption, and as he had a right to do, he drove his team upon the new construction, but the driver of the tractor came on, making a great deal of noise and attempting to pass the wagon and team with the mules noticeably frightened and shying away to the edge of the dump. The mules continued to sidle over to the edge of the dump where the wagon turned over into the ditch, injuring both Mr. Nooner and his wife. Mr. Nooner said:

"I got on the dump and to about the middle of the road. After I got upon the dump he come right on down. It seemed like he turned that thing plumb loose making all the noise he could, and this mule got to cutting up so I couldn't hold him; and they pulled over into the ditch and hit that soft dirt and turned my wagon over. He was back behind me when they first began shying. I couldn't look back at him then. When the wagon turned over, the racket sounded like it was right at the wagon. When they got me out of there, the tractor was about midway the wagon."

We think this was sufficient evidence to take the question of negligence to the jury. The action of the team of mules was plainly observable to the driver of the tractor. He either did see, or could, by the exercise of ordinary care, have seen that the team was frightened and that the elderly couple was in danger. Ordinary care and prudence would have required him to stop his machine until they had pulled off the dump which was only some hundred and fifty yards away from the point of the accident.

But appellants say that, if the court should hold that the evidence was sufficient to take the case to the jury on the question of appellants' negligence, still appellees were shown to be guilty of contributory negligence as a mat-

ter of law. This contention is based on the fact that they drove their team of mules upon the highway in front of a tractor coming toward them and not over forty or fifty yards away at the time they started upon the dump; that they knew tractors and knew the noise they made and knew that the mules were liable to become frightened. The proof shows that there were two tractors working on the dump hauling dirt from the shovel and dumping it in the fill, and that this was the only way appellees had to get to their home. They either had to sit in their wagon without driving upon the dump and wait for the tractors to quit working, which might be all day, or else drive upon the dump and assume that the operator of the tractor would treat them with fair consideration in the use thereof. This dump was a part of the highway, and the only road open to them. The court submitted the question of contributory negligence of both appellees to the jury under instructions given at the request of appellants. We do not think they were guilty of any contributory negligence in driving upon the highway; certainly not as a matter of law.

We find no error, and the judgment is affirmed.